IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA

vs.                                                    Case No.:        3:06cr73/LAC
                                                                       3:09cv330/LAC/EMT
RICHARD DAVID HUPPER
_____/

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the court on Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 33). The Government filed a motion to dismiss the § 2255 motion as untimely (Doc. 35). Defendant filed a response in opposition to the motion to dismiss (Doc. 37).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the motion to dismiss should be denied.

BACKGROUND AND ANALYSIS

Defendant was convicted, pursuant to a written plea and cooperation agreement, of one count of False Statement in Application and Use of Passport (Count One), in violation of 18 U.S.C. § 1542, and one count of Aggravated Identity Theft (Count Three), in violation of 18 U.S.C. § 1028A (*see* Docs. 17, 33, 35).[1] On January 26, 2007, he was sentenced to a term of ten (10) days of imprisonment as to Count One, with credit for time served, and a term of twenty-four (24) months

---

[1] Petitioner was also charged with one count of Misuse of Social Security Number (Count Two), in violation of 42 U.S.C. § 408(a)(7)(B); however, the Government dismissed Count Two as part of the plea agreement (*see* Docs. 1, 17).

of imprisonment as to Count Three, to run consecutively to the term imposed in Count One (Docs. 25, 29).  Defendant did not appeal.

The Government claims in its motion to dismiss that Defendant did not address the timeliness of his motion.  The Government further contends the § 2255 motion is untimely because it was filed more than one year beyond the date his conviction became final (*see* Doc. 35).[2]

Although perhaps inartfully drafted, Defendant does address the timeliness issue by stating in his motion, "The question then presented is whether the fact that petitioner is actually innocent will allow the petitioner to redress although past the one year time limitation." (Doc. 33 at 8). Defendant does not dispute that he is guilty of identity theft, but he contends he is actually innocent of <u>aggravated</u> identity theft (*id.* at 6–9).  In support of his actual innocence claim, Defendant relies on <u>Flores-Figueroa v. United States</u>, — U.S. —, 129 S. Ct. 1886, 173 L. Ed. 2d 853 (2009).

In <u>Flores-Figueroa</u>, the Court held that 18 U.S.C. § 1028(A)(a)(1) requires the government to prove that the defendant knew that the means of identification he unlawfully transferred, possessed, or used, belonged to anther person. 129 S. Ct. 1886 (2009).  Defendant asserts he has consistently maintained throughout this case that he did not know that the identification he used belonged to a "real" person (Doc. 33 at 6–9).  Previously, this was not relevant.  Now, however, Defendant may be able to show actual innocence, or that his motion was timely under § 2255(f)(3),[3]

---

[2] The Government contends Defendant's conviction became final on February 12, 2007; therefore, the one-year limitations period expired on February 12, 2008 (*see* Doc. 35 at 2–3).

[3] Title 28 U.S.C. § 2255 imposes a one-year time limitation on the filing of motions under this section.  The one-year period of time runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

if <u>Flores-Figueroa</u> is retroactively applicable to cases on collateral review. The Eleventh Circuit has not yet considered the collateral retroactivity of <u>Flores Figueroa</u>. It and several other courts have applied the holding in <u>Flores-Figueroa</u> to cases that had not become final at the time the decision was rendered. *See* <u>United States v. Gaspar</u>, 344 Fed. Appx. 541, 2009 WL 2917740, at **4–5 (11th Cir. 2009) (unpublished); <u>United States v. Berry</u>, No. 09-4295, 2010 WL 893488 (4th Cir. Mar. 12, 2010); <u>United States v. Grajeda-Gutierrez</u>, No. 09-2129, 2010 WL 1444915 (10th Cir. Apr. 13, 2010). Several district courts have found <u>Flores-Figueroa</u> to be retroactively applicable on collateral review. *See* <u>United States v. Venancio-Dominguez</u>, 660 F. Supp. 2d 717, 721 (E.D. Va. 2009) (holding that <u>Flores-Figueroa</u> is retroactively applicable on collateral review); <u>United States v. Fernandez-Cruz</u>, No. WMN-07-CR-0568, 2009 WL 3488352, at *2 (D. Md. Oct. 22, 2009) (unpublished) (same); <u>Short v. United States</u>, No. 4:08-CV-1786 CDP, 2010 WL 411103, at *5 (E.D. Mo. Jan. 28, 2010) (unpublished) (same); <u>Short v. United States</u>, No. 4:09-CV-763 CAS, 2009 WL 3698431, at **13–14 (E.D. Mo. Nov. 3, 2009) (unpublished) (same).

Therefore, the Government's motion to dismiss Defendant's § 2255 motion should be denied without prejudice to its filing a renewed motion to dismiss addressing the effect of <u>Flores-Figueroa</u> on the timeliness of Defendant's motion.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the Government's motion to dismiss (Doc. 35) be **DENIED without prejudice**.

2.      That this matter be remanded to the magistrate judge for further proceedings.

---

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Case No. 3:06cr73/LAC & 3:09cv330/LAC/EMT

At Pensacola, Florida, this <u>19</u>th day of April 2010.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).